IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOYCE JOHNSON, § | | |
| TDCJ #1457313, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-2054 | |
| § | | |
| CORRECTIONAL OFFICER, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

State inmate Boyce Johnson (TDCJ #1457313) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*. Johnson has provided a memorandum in support of his claims and numerous exhibits. (Doc. # 1). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.    BACKGROUND**

Johnson is presently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Darrington Unit in Rosharon, Texas. Johnson sues a female correctional officer, identified as "Ms. Lee," who is employed by TDCJ at the Byrd Unit, where Johnson was previously assigned. Johnson also sues Byrd Unit Warden Diana Kukua and TDCJ Executive Director Brad Livingston.

Johnson's claims concern an incident that occurred at the Byrd Unit on November 18, 2007. Johnson alleges that he was chastised by Ms. Lee for talking with another inmate in the hallway. Johnson, who explains that he was only trying to learn the score of the football game between Dallas Cowboys and the Washington Redskins, claims that Ms. Lee forced him to stand with his nose against the wall for approximately five to ten minutes. Ms. Lee then reportedly slapped Johnson one time across the back of his right hand with a hard leather strap or belt. Johnson was seen in the clinic the next day, where he complained of intense pain in his hand. Johnson was treated with ice. Johnson insists that his hand still hurts and that he "can no longer hold objects properly," which will affect his ability to work.

Johnson alleges that Ms. Lee used excessive force against him in violation of the Eighth Amendment to the United States Constitution and the prohibition against cruel and unusual punishment. Johnson alleges further that, by allowing such punishment, Warden Kukua and Director Livingston failed to adequately supervise Ms. Lee. Johnson seeks $750,000 in compensatory damages for his pain and suffering. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim

upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide

3

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

The complaint in this case concerns the conditions of plaintiff's confinement in TDCJ. Under the PLRA, an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2382-83 (2006); *see also Jones v. Bock*, — U.S. —, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner

must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

TDCJ has a formal two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson*, 385 F.3d at 515. Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *See id*. Step 2 grievances are reviewed at the state level. *See id*. A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. *See id*. (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

The incident that forms the basis of Johnson's complaint allegedly occurred on November 18, 2007. The record reflects that Johnson filed four Step 1 grievances concerning the incident in January of 2008. Each one was returned for failure to comply with prison grievance procedures. (Doc. # 1, Exhibits, Step 1 Grievance #2008077111; Step 1 Grievance #2008075538; Step 1 Grievance #2008084431; Step 1 Grievance #2008086768). Because all of Johnson's Step 1 grievances were filed in January of 2008, none of them were

5

submitted within fifteen days of the incident that forms the basis of his complaint.[1] *See Johnson*, 385 F.3d at 515. Thus, Johnson failed to comply with prison grievance procedures.[2]

The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules. Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *See id.*, 126 S. Ct. at 2389-90. As the Fifth Circuit has observed, "TDCJ has promulgated a detailed, complex, and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation." *Wright*, 260 F.3d at 358. An untimely grievance, such as the one filed by Johnson in this case, frustrates administrative review of inmate complaints and is not sufficient to satisfy the exhaustion requirement. *See Wright*, 260 F.3d at 358;

---

[1] Johnson has presented over one-hundred pages of exhibits along with his complaint. (Doc. # 1, Exhibits). The exhibits show that Johnson filed his first Step 1 Grievance #2008077111 to complain about the November 18, 2007 incident on January 11, 2008. This grievance was returned on January 16, 2008. Johnson filed Step 1 Grievance #2008075538 on January 12, 2008, and it was returned on January 12, 2008. Johnson filed Step 1 Grievance #2008084431 on January 29, 2008, and it was returned the next day on January 30, 2008. Johnson filed Step 1 Grievance #2008086768 on January 25, 2008, and it was returned on February 4, 2008. There is one Step 2 Grievance in the record. It is dated February 15, 2008. (Doc. # 1, Exhibits, Step 2 Grievance #2008086768). It does not contain an administrative response.

[2] Likewise, none of the grievances filed by Johnson allege that Warden Kukua or Director Livingston failed to adequately supervise Ms. Lee, as alleged in the complaint. Accordingly, these facts were not presented during the administrative grievance process.

*Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001); *Trevino v. Herrera*, 61 F. App'x 922, 2003 WL 1107319 (5th Cir. Feb. 20, 2003).

The Fifth Circuit has held that a district court "can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 238 (5th Cir. 2007) (citing *Jones*, 127 S. Ct. at 920-91 (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint)). The complaint in this case is supplemented with numerous Step 1 grievances, which show that Johnson he did not present his claims in compliance with prison procedure. Because it appears clear from these pleadings that Johnson has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed for failure to state a claim upon which relief can be granted.[3]

---

[3] Alternatively, it appears from the record that Johnson's complaint fails as a matter of law because the alleged use of force does not demonstrate a violation of the Eighth Amendment to the United States Constitution. In that regard, the exhibits reflect that Johnson was treated at the clinic on November 19, 2007, the day after the alleged assault, for a bruised hand. (Doc. # 1, Exhibit, Nursing Note). A nurse noted a "small [amount] of redness" and "slight bruising" below Johnson's thumb. (*Id*.). Johnson was given an ice bag for his bruised hand and released. (*Id.*). Exhibits show that, after Johnson continued to complain about pain in his right hand, an x-ray was taken on February 28, 2008. (Doc. # 1, Exhibit, Radiology report). The x-ray revealed some "degenerative change" in the 1st metacarphalangeal joint, but the radiologist found that Johnson's right hand was otherwise "unremarkable in appearance." (*Id.*). Thus, it appears that Johnson did not suffer a more-than-*de minimis* physical injury of the kind required to establish an excessive-force claim. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1999) (holding that a sore, bruised ear lasting for three days was *de minimis* and not sufficient to raise a valid claim for excessive force); (continued...)

## IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.     The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on September 29th, 2008.

_____
Nancy F. Atlas
United States District Judge

---

[3](...continued)
  *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (observing that a "physical injury" in this context "is an observable or diagnosable medical condition requiring treatment by a medical care professional").